IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 13-CV-10029-KMM

DESTINY MONTGOMERY,

    Plaintiff,

vs.

HAYES ROBERTSON GROUP, INC., *et al.*,

    Defendants.

                                           /

## ORDER DENYING PLAINTIFF'S SUPPLEMENTAL MOTION
## FOR PARTIAL SUMMARY JUDGMENT

      THIS CAUSE came before the Court upon Plaintiff Destiny Montgomery's Supplemental Motion for Partial Summary Judgment on Liability (ECF No. 49). Defendants filed a Response (ECF No. 56), and Plaintiff filed a Reply (ECF No. 62). This Motion is now ripe for review. UPON CONSIDERATION of the Motion, Response, Reply, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

**I. BACKGROUND**

      On February 6, 2013, Plaintiff filed a Complaint against Defendants Hayes Robertson Group, Inc., d/b/a Fogarty's; 37 Court Investments, Inc., d/b/a Jack Flats; Caren Winnifred DeMent; and Joseph H. Walsh (collectively, "Defendants"). See Compl. (ECF No. 1). Plaintiff, a resident of Monroe County, Florida, worked as a server for Defendants from approximately January 2009 through March 2011. Compl., at ¶ 22. Plaintiff seeks to recover money damages for unpaid minimum wages and unpaid overtime wages. This Court has jurisdiction pursuant to

the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA").  The above-styled action was filed in this district and assigned to the Honorable James Lawrence King.

After the Parties conducted discovery, each Party moved for summary judgment on its behalf.  See Pl.'s Mot. for Partial Summ. J. (ECF No. 19); Defs.' Resp. and Cross-Mot. to Pl.'s Mot. (ECF No. 25).  Judge King denied the cross-motions, finding that "genuine issues of fact remain for all asserted grounds."  Order Denying Motions, at 3 (ECF No. 45).  The Parties subsequently filed a Joint Pretrial Stipulation (ECF No. 46).  At the Final Pretrial Conference held on June 14, 2013, Judge King found that he would reconsider the Parties' cross-motions and gave leave for the Parties to supplement their summary judgment motions, if necessary.  See Minute Entry for Final Pretrial Conference (ECF No. 47).  Judge King further stated that an oral argument regarding reconsideration of the cross-motions for summary judgment would be set.  Id.  Plaintiff filed the instant Supplemental Motion (ECF No. 49) on June 18, 2013.

On July 10, 2013, Judge King cancelled oral argument on reconsideration.  See Order (ECF No. 54).  Five days later, this case was transferred to the undersigned judge.  See Order Transferring Case (ECF No. 60).  This Court will now consider whether the supplemental pleadings provide grounds for reconsideration of Judge King's Order Denying Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment.

**II. LEGAL STANDARD**

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is "material" if it is may determine the outcome under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the record as a whole could

not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The nonmoving party must show specific facts to support that there is a genuine dispute.  Id.  The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The purpose of a motion for reconsideration is "to permit the trial judge to reconsider . . . matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal."  Carter ex rel. Carter v. United States, 780 F.2d 925, 928 (11th Cir. 1986) (quoting Fackelman v. Bell, 564 F.2d 734. 736 (11th Cir. 1977)).  A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances."  U.S. v. Intl Bhd. of Teamsters, 247 F.3d 370, 391 (2nd Cir. 2001); Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) ("Reconsideration of a previous order is an extraordinary remedy to be employed sparingly.").  A motion for reconsideration should raise new issues, not merely address issues litigated previously.  Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted).  The moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Id.

## III. ANALYSIS

The Parties' dispute centers on whether Plaintiff was paid below the minimum wage because of Defendants' improper tip credit policy and misuse of Plaintiff's tips.  Plaintiff argues (1) that when the Defendants' $3.00 per shift deduction was made, Plaintiff was paid below the

minimum wage and (2) that Defendants' managers collected 3% of each server's and bartender's tips but did not redistribute the money to the tip pool. Mot., at 2–3. Plaintiff also contends that, in violation of the Court's directive at the Final Pretrial Conference, Defendants have failed to produce Posters that informed Plaintiff that she would be paid through the use of a tip credit. Mot., at 3. Plaintiff asserts the same four grounds for summary judgment that she used in her previous Motion for Partial Summary Judgment (ECF No. 19): that the $3.00 per shift deduction caused Plaintiff to be paid below minimum wage; that Defendants invalidly took the tip credit; that Defendants never paid Plaintiff a service charge; and that the individual Defendants, DeMent and Walsh, are FLSA employers.[1] In support of her Motion, Plaintiff attaches a number of e-mails purporting to show that it was Defendants' policy to misappropriate part of the tips belonging to Plaintiff.

In Response, Defendants contend that the e-mails fail to provide any evidence that Defendants had an improper tip policy or mishandled collected tips. Resp., at 1–2. Defendants direct this Court to Plaintiff's payroll records, arguing, "There is no dispute that Plaintiff has all of her payroll records and that, in every paycheck, Defendants received a tip credit only when the hourly wage paid combined with Plaintiff's declared cash tips added up to at least the minimum wage for each pay period." Resp., at 2 (citing ECF No. 23-1). Finally, Defendants state that they did produce the Posters to Plaintiff following the filing of Plaintiff's Supplemental Motion.[2] Resp., at 2.

A review of the arguments contained in the Parties' pleadings and the exhibits attached to those pleadings demonstrates that Plaintiff has failed to merit the relief requested in her

---

[1] The Parties agree that the individual Defendants are employers under the FLSA. See Joint Pretrial Stipulation, at 8. Therefore, this Court finds that this issue is resolved.

[2] In her Reply, Plaintiff attaches the Poster produced by Defendants. See ECF No. 62-1.

Supplemental Motion. The e-mails attached by Plaintiff, which do not exist in any kind of systematic order, do not describe Defendants' tip credit policy or provide specific information on Defendants' use of Plaintiff's tips. Many of the e-mails simply contain a shift manager's narrative of what occurred at the restaurant during that shift. Only a few e-mails even contain Plaintiff's name. In sum, nothing in the supplemental pleadings resolves any disputed issues of fact. There is nothing that would justify reconsideration of Judge King's conclusion that genuine issues of fact exist and summary judgment is therefore improper. The disputed issues of fact and law presented in the Parties' Joint Pretrial Stipulation, which take up over two pages, remain to be litigated at trial. See Joint Pretrial Stipulation, at 6–8.

**IV. CONCLUSION**

For the foregoing reasons, it is

ORDERED and ADJUDGED that Plaintiff Destiny Montgomery's Supplemental Motion for Partial Summary Judgment on Liability (ECF No. 49) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of July, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record